Filed 7/15/22  P. v. Vega CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b.)  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B316987 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA051544) |
| v. | |
| ANGEL LOUIS VEGA, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

In 2003, a jury convicted defendant and appellant Angel Louis Vega, Jr. of second degree murder and further found that in committing the offense, Vega personally used a deadly weapon. In 2021, Vega petitioned the trial court for resentencing under Penal Code[1] section 1170.95 (now section 1172.6). The trial court denied Vega's petition because Vega was the actual killer and the case did not involve a theory of imputed malice.

We affirm the trial court's order denying Vega's resentencing petition. As a matter of law, the record of conviction reveals that Vega is ineligible for resentencing because he was not convicted of murder based on felony murder, the natural and probable consequences doctrine, or any other theory under which malice was imputed to him based solely on his participation in a crime. (§ 1172.6, subd. (a)(1).) Although the trial court erred in not appointing counsel for Vega, the error was harmless because Vega is ineligible for resentencing as a matter of law.

## BACKGROUND

In 2003, Vega resided in a trailer in Rosemead with his father, grandmother, and father's cousin, Mario Olivarria. (*People v. Vega* (Feb. 25, 2005, B172317*)* [nonpub. opn.] [2005 Cal.App.Lexis 1662 at p. *2].) Vega carried a five-inch fixed-blade knife. (*Ibid*.) On November 23, 2002, Vega and Olivarria argued. (*Id*. at p. *3.) Following the argument, Vega stabbed Olivarria, who suffered 18 stab wounds. (*Ibid*.) On December 7, 2002, Olivarria died of complications from the wounds. (*Ibid*.)

---

[1] Unspecified statutory citations are to the Penal Code.

On May 27, 2003, the District Attorney charged Vega with murdering Olivarria. On November 3, 2003, the jury found Vega guilty of second degree murder and found true the allegation that Vega personally used a dangerous and deadly weapon within the meaning of section 12022, subdivision (b)(1). On December 29, 2003, the trial court sentenced Vega to 15 years to life in prison with an additional year for the personal use of a dangerous and deadly weapon, totaling 16 years.

The trial court instructed the jury that to convict Vega of murder, the jury had to find he acted with malice aforethought.[2] The court defined both express and implied malice. The jury instructions distinguished murder from manslaughter as follows: "[M]urder requires malice while manslaughter does not." The trial court did not instruct the jury on the felony murder or the natural and probable consequences doctrines. As noted, the jury convicted Vega of second degree murder.

On October 18, 2021, Vega filed a petition for resentencing under section 1170.95 (now section 1172.6). Vega requested the trial court appoint counsel to represent him. The resentencing court denied Vega's petition because the jury found Vega was the actual killer and did not convict him under felony-murder or the natural and probable consequences doctrine. The resentencing court did not appoint counsel for Vega. Vega timely appealed.

---

[2] We granted the Attorney General's request to take judicial notice of the trial court's jury instructions and the verdict form.

3

## DISCUSSION

In his appeal, Vega argues he was erroneously deprived of counsel and counsel would have aided him in determining whether the natural and probable consequences doctrine applied to his conviction. Vega offers *no* theory under which the natural and probable consequences doctrine could apply to this case, and we conclude, as a matter of law, it does not.

To be convicted of murder, a jury ordinarily must find that the defendant acted with the requisite mental state, known as " 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181, quoting § 187, subd. (a).) In Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), the Legislature amended section 188 to provide that "[e]xcept as stated in subdivision (e) of Section 189, [an exception inapplicable to this case], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Senate Bill No. 1437 effectively " 'eliminates natural and probable consequences liability for first and second degree murder.' [Citation.]"[3] (*People v. Garrison*, *supra*, 73 Cal.App.5th at p. 742.)

Section 1172.6 allows a person convicted of murder under the natural and probable consequences theory to petition the trial court that sentenced him or her for a resentencing hearing. As part of his or her petition, the petitioner must show that he or

---

[3] Senate Bill No. 1437 also made changes to the felony-murder doctrine. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 741.) Those changes are not relevant to this appeal because the jury was not instructed on that doctrine and Vega makes no argument with respect to the felony-murder doctrine.

4

she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) The petitioner may also request that the court appoint counsel. (*Id.*, subd. (b)(1)(C).)

In *People v. Gentile* (2020) 10 Cal.5th 830 (*Gentile*), the California Supreme Court held that Senate Bill No. 1437 "bars a defendant from being convicted of second degree murder under a theory that the defendant aided and abetted a crime, the natural and probable consequence of which was murder." (*Gentile*, at p. 843.) As the court explained, "Murder, whether in the first or second degree, requires malice aforethought. (§ 187.) Malice can be express or implied. It is express when there is a manifest intent to kill (§ 188, subd. (a)(1)); it is implied if someone kills with 'no considerable provocation . . . or when the circumstances attending the killing show an abandoned and malignant heart' (§ 188, subd. (a)(2)). When a person directly perpetrates a killing, it is the perpetrator who must possess such malice." (*Gentile*, at p. 844.)

Turning to the case before us, the jury instructions required the jury to find Vega had malice aforethought to find him guilty of second degree murder. The jury received no instruction that it could convict Vega because he participated in a target crime the natural and probable consequence of which was murder. The jury therefore could not have relied on a natural and probable consequence theory to convict him. The jury convicted defendant as the actual killer under a theory of malice based on his own actions and mens rea, not the actions of another person imputed to him. Because the instructions provide no basis from which the jury could have convicted him based upon a now invalid theory, Vega is ineligible for resentencing relief.

5

(*Gentile, supra,* 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought."]; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [affirming denial of resentencing petition on attempted murder where jurors not instructed on natural and probable consequences doctrine]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [trial court's denial of petition is proper where record shows petitioner acted with malice].)

Finally, although we agree with Vega's contention that the resentencing trial court erroneously denied his petition without appointing counsel to represent him, Vega has not, however, demonstrated prejudice.

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our high court held that former section 1170.95 subdivision (c) requires "that counsel be appointed upon the filing of a facially sufficient petition." (*Lewis*, at p. 970.) *Lewis* also held the failure to appoint counsel does not violate a petitioner's constitutional right and is only an error of state statutory law, to which the *Watson*[4] harmless error standard applies. (*Lewis*, at p. 973.) Under the *Watson* harmless error standard, the petitioner has the burden of proof to " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Lewis*, at pp. 973–974.)

*Lewis* further held that trial courts can consider the record of conviction in determining whether a defendant has made a prima facie case for resentencing. (*Lewis, supra,* 11 Cal.5th at p. 971 ["The record of conviction will necessarily inform the trial

_____

[4]  *People v. Watson* (1956) 46 Cal.2d 818.

6

court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless."]).   Because the record of conviction demonstrates that, as a matter of law, Vega was ineligible for resentencing, the resentencing trial court's failure to appoint counsel for Vega counsel was harmless error.  (See *Lewis*, at p. 974.)

## DISPOSITION

The order denying Vega's petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

7